## Richmond

### John H. Carmichael, Et Al. v. Joseph Snyder.

December 6, 1968.

Record No. 6771.

Present, All the Justices.

*John M. Court; Phelps & Atkinson,* on brief, for plaintiffs in error.

*Sidney Sacks; Lewis, Sacks & DeLaura,* on brief, for defendants in error.

Case submitted on briefs.

HARRISON, J., delivered the opinion of the court.

The primary question involved here is the jurisdiction of the court below over the defendant under the provisions of the state's "Long-Arm Statute", having particular reference to subsections 1 and 6 of § 8-81.2 of the Code of Virginia 1968 Cum. Supp.

On March 9, 1967, John H. and Gordon E. Carmichael, plaintiffs, filed in the court below a motion for judgment against defendant, Joseph C. Snyder, a resident of New London, Connecticut, for damages allegedly sustained by plaintiffs as a direct result of the refusal of defendant to perform a contract for the purchase of real estate.

The motion alleges that on May 6, 1966, defendant contracted in writing, in Norfolk, Virginia, to purchase from plaintiffs for $26,500 property located in that city, identified as 4201 Gosnold Avenue, and to make settlement by July 1, 1966; that defendant refused to perform his agreement, and soon after July 1, 1966 moved from Virginia to Connecticut; and that plaintiffs, after mitigating their damages by a sale of the property to another person, incurred the loss which they seek to recover in this action.

Process against Snyder was served on the Secretary of the Commonwealth of Virginia. Defendant filed a motion to quash the service, wherein he denied and put in issue the jurisdiction and venue of the lower court and the right of the court to enter a personal judgment against him, a non-resident of the state. Plaintiffs responded with a motion to strike defendant's motion to quash. The trial court sustained defendant's motion, and the validity of that ruling is before us on this writ of error.

We have no difficulty in finding that, if the trial court had the right to exercise personal jurisdiction over defendant under the "Long-Arm Statute", service of process on the Secretary of the Commonwealth, as his statutory agent, was authorized by Code § 8-81.3; and that the action was properly brought in the City of Norfolk where the plaintiffs reside and the cause of action arose. Code § 8-81.4.

Chapter 4.1, Title 8 of the Code of Virginia treats of personal jurisdiction in certain actions. It defines persons as including ". . . an individual . . . whether or not a citizen or domiciliary of this state . . ." (Code § 8-81.1), and provides when personal jurisdiction over a person may be exercised. Plaintiffs claim jurisdiction over defendant here by virtue of two subsections of Code § 8-81.2 as follows:

"(a) A court may exercise personal jurisdiction over a person, who

acts directly or by an agent, as to a cause of action arising from the person's

"(1) Transacting any business in this state;

\* \* \*

"(6) Having an interest in, using, or possessing real property in this State; . . ."

Since *Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. ed. 565 (1877), the Supreme Court of the United States has held that the Due Process Clause of the Fourteenth Amendment places some limit on the power of state courts to enter binding judgments against persons not served with process within their boundaries. The line of limitation has been the subject of great controversy and the doctrine there enunciated has undergone a continued process of evolution.

For a review of the numerous opinions reflecting the trend toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents, see *State* v. *Knapp*, 147 W. Va. 704, 131 S. E. 2d 81 (1963); *Grobark* v. *Addo Machine Company*, 16 Ill. 2d 426, 158 N. E. 2d 73 (1959); *Beaty* v. *M. S. Steel Co.*, 276 F. Supp. 259 (D. Md. 1967); *Etzler* v. *Dille and McGuire Manufacturing Company*, 249 Fed. Supp. 1 (W. D. Va. 1965); *Walke* v. *Dallas*, 209 Va. 32, 161 S. E. 2d 722 (1968).

In *International Shoe Company* v. *State of Washington, etc.*, 326 U. S. 310, 316, 319, 66 S. Ct. 154, 158, 160 (1945), the court made these pertinent observations:

> "Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. [Citing case.] But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice. [Citing cases.]'
>
> \* \* \*
>
> "Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due

process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations. [Citing cases.]"

In *McGee v. International Life Insurance Co.*, 355 U. S. 220, 222, 223, 78 S. Ct. 199, 201 (1957), the court said:

"Looking back over this long history of litigation a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents. In part this is attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity."

That case involved an action on an insurance contract issued by a foreign corporation to a resident of California and the court said that it was "apparent that the Due Process Clause did not preclude the California court from entering a judgment binding on respondent. It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State". 355 U. S. 220, 223, 78 S. Ct. 199, 201.

The statute involved in the instant case is clear and specific. It gives the court the right to exercise personal jurisdiction over a person who acts directly as to a cause of action arising from that person having an interest in, using, or possessing real property in Virginia. Significantly, the statute refers to a *cause of action* which *arises* from a person *having an interest* in real estate.

Defendant and plaintiffs executed a detailed written contract whereby defendant agreed to purchase from plaintiffs real property for a definite sum of money and to make settlement on or before a fixed date. A portion of the purchase price for the property was paid in cash and provision was made as to the manner and time in which the balance was to be paid.

Upon the execution of this contract, defendant thereby became

vested of an interest in real estate in Norfolk, Virginia. In *Sale* v. *Swann*, 138 Va. 198, 208, 120 S. E. 870, 873 (1924), we held:

"When such a contract is concluded, although it is wholly executory in form, it clothes the purchaser with an equitable estate in the land and the vendor with an equitable ownership of the purchase money. This because equity treats that as done which ought to be done by the terms of such a contract, and as the land ought to be conveyed to the vendee and the purchase money transferred to the vendor, equity regards these as done, and treats the vendee as having acquired property in the land, and the vendor as having acquired property in the price. It follows that as the vendee has thus acquired the full equitable estate, he may convey or encumber it, devise it; if he dies intestate it descends to his heirs at law; his wife is entitled to dower in it, and specific performance may be enforced against his heirs at law after his death. In fact, all the incidents of a real ownership belong to it." See also 55 Am. Jur., Vendor and Purchaser, § 356, p. 782; 19 Mich. Jur., Vendor and Purchaser, § 224, p. 328; 91 C. J. S., Vendor & Purchaser, § 106, p. 1009.

The contract clothed Snyder with an equitable estate or interest in the land he agreed to purchase from plaintiffs, thereby entitling him to the protection of the laws of this state and the machinery which is provided incident to real estate transactions. These laws include the recording statutes; procedures to remove clouds on titles, quiet title to land, establish boundary lines; the zoning statutes and numerous others. Had plaintiffs refused to convey the property in accordance with their contract, defendant could have enforced specific performance. Had defendant decided to cancel, reform or rescind his contract, a forum would have been provided for him to seek such relief.

In the cases discussing "Long-Arm Statutes", great stress has been given to the enjoyment that a nonresident has of the benefits and protections of a state in which he does business, and to the fact that the exercise of such privilege may give rise to obligations. Protection of life and property within its boundaries is a primary concern of state government, and each state has a vital interest in providing a forum for actions that arise both from torts committed, and out of contracts entered into, within its borders. The interest of the state has necessarily expanded as its citizens have become more mo-

bile and markets have become nationwide in scope—hence the evolution of the law and the enactment of those statutes.

Admittedly, Chapter 4.1, Title 8 of the Code is a deliberate and conscious effort on the part of the General Assembly of Virginia to assert jurisdiction over nonresident defendants to the extent permissible by the Due Process Clause. It is designed to provide redress in Virginia courts against persons who inflict injuries upon, or incur obligations to, those entitled to legitimate protection. However, in making such provision, the statutes must be fair and reasonable, give to the defendant proper notice of the claim against him, and provide him an adequate and realistic opportunity to appear and be heard in his defense. *Nelson v. Miller,* 11 Ill. 2d 378, 143 N. E. 2d 673 (1957).

Snyder makes no contention here that under the statute he did not have adequate notice of the action or sufficient time to prepare his defense and appear. His defense is two-fold. He claims that he was not engaged in any business in the State of Virginia but only contracted to purchase a home for his own use, which contract was never consummated, and that this one transaction was not sufficient to give jurisdiction under Code § 8-81.2 (a) (1). Defendant also denies jurisdiction under § 8-81.2 (a) (6) for the reason that prior to the time of the institution of the action against him, plaintiffs had sold the real estate which he agreed to purchase, and thereby defendant was divested of "any interest in real estate".

In view of our decision, we need not consider whether the contract to purchase land between plaintiffs and defendant amounted to "transacting any business in this state". We concern ourselves here with a business transaction, a written contract, involving real estate, which upon its execution vested in defendant an interest in real estate.

For obvious reasons, legislative bodies and courts have thrown around transactions involving real estate a large measure of protection. The stability of such transactions is of vital concern to the state. A great volume of statutory and case law exists concerning the nature of estates, titles, use, occupancy, zoning and descent. It can be said that each state has been zealous in any matter that concerned or touched on land located within its borders.

There are numerous factors which support a statute granting a court personal jurisdiction over a person who acts as to a cause of action arising from his interest in land. They are applicable to the instant case. The contract between plaintiffs and defendant was executed and delivered in this state; its subject matter, land, is located in Virginia; the sellers of the property reside here; it is inferred that at the time

of the contract the defendant resided here and became a nonresident only after his default; it would be inconvenient for plaintiffs to attempt to recover of defendant elsewhere; the state has an interest in providing redress for its citizens, particularly in real estate transactions; and the witnesses would of necessity live in and around the Norfolk area.

For reasons not disclosed by the record, defendant elected not to comply with his agreement. He may have a valid defense that will be asserted if this cause is tried on its merits. The defense may involve the title to the property. If so, the land records are located in the City of Norfolk. The defense may involve a disputed boundary line between the property in question and adjoining property. If so, a view of the property will probably be necessary. The defense may claim misrepresentations as to the condition of the property. Again a view of the property would be helpful.

Plaintiffs allege that they minimized damages in this case by selling the property at the best offer received to another person prior to bringing suit against defendant. The circumstances and bona fides of such sale, and the amount obtained, might become an issue, and if so will involve the testimony of witnesses. Persons having the greatest knowledge of real estate values in the City of Norfolk, and of the property in question, would be those who live in that area. Reasons could be multiplied as to why a contract which involves an interest in land has a substantial connection with the state, and why the General Assembly would enact the statute under review.

In 42 Am. Jur., Process, § 79, p. 68, it is said:

"In controversies relating to property which is within the jurisdiction of the court, where personal service of process within the state is impossible or is for any reason impracticable, a method of constructive or substituted service may be provided for; and with a reasonable exercise of such legislative discretion, the courts will not assume to interfere."

In *Keats* v. *Cates*, 100 Ill. App. 2d 177, 241 N.E. 2d 645, decided October 10, 1968, the court held that service of process in California on a testator's California widow, and on a California corporation acting as executor, subjected them to the Illinois court's in personam jurisdiction, under the Illinois long-arm statute, only to the extent that the suit claimed an interest in Illinois real property, and observed:

"There can be no question that Illinois courts have jurisdiction over Chicago real estate. As the state of the situs of the property, Illinois courts have jurisdiction not only to determine the ownership of Illinois real estate, but may also impose obligations upon persons in an action in personam arising from the ownership, use or possession of property within the state." 100 Ill. App. 2d at p. 184, 241 N.E. 2d at p. 649.

See also *Dubin* v. *City of Philadelphia et al.*, 34 D. & C. 61 (1938) and Restatement (second) Conflict of Laws, § 39, pp. 204-205.

Defendant argues that because plaintiffs sold the real property after his default, this terminated his interest in it. Even if we concede that by such sale defendant was divested of his interest, this action did not deprive the Virginia court of jurisdiction. The statute gives jurisdiction at the time of, and because of, the execution of the contract which vested in defendant an interest in land. It was then that defendant "acted directly". This cause of action now asserted by plaintiffs arises by virtue of an alleged breach of that contract—a contract which gave to each party certain enforceable rights, and imposed upon each certain contractual obligations.

The fact that plaintiffs sold the property and sued for damages, rather than bringing a suit for specific performance, or a suit for the purchase price of the real estate, did not thereby divest the Virginia court of jurisdiction over defendant. The action here asserted by plaintiffs is one of the remedies available to them.

Our holding finds support in *Tebedo* v. *Nye*, 256 N. Y. S. 2d 235 (1965) which concerns the Civil Practice Law and Rules of New York, and particularly that section which grants ". . . in personam jurisdiction when the cause of action arises out of the fact of ownership, use or possession of New York realty". There, as in the instant case, the defendant owned no real estate in the State of New York at the time the suit was brought. Notwithstanding this, the court held:

"The fact that defendants no longer have an interest in the realty and no longer live in this State is immaterial, as is the nature of the remedy sought. Jurisdiction is grounded on the relationship existing between the defendant and the realty out of which the cause of action arose at the time the cause of action arose. [Citing case.]

"The power to convey real estate is an incident of ownership. The wrongful failure to do so gives rise to a cause of action.

"While it has not been urged upon the Court and it is not necessary to decide, it is interesting to note that jurisdiction might also be urged in this case on the basis of Civil Practice Law and Rules § 302(a) 1 by reason of the contract to convey. . . . [Citing *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke, Inc.*, 21 A. D. 2d 474, 251 N. Y. S. 2d 740, *Steele* v. *De Leeuw*, 40 Misc. 2d 807, 244 N. Y. S. 2d 97.]"

Accordingly, and consistent with due process, we hold that defendant having rendered himself amenable by virtue of acting directly as to a cause of action arising from his having an interest in real estate in Virginia, plaintiffs may maintain an action in personam to collect the amount which they allege is due them under the contract in question.

The lower court erred in sustaining defendant's motion to quash service of process and its judgment is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*