## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

McCorkle, Northen & Associates

v.

William G. Gaither, Jr.

October 14, 1970

Case No. (Law) 13728

By JUDGE PHILIP L. RUSSO

This matter came on to be heard on the 18th day of September, 1970, pursuant to the motion of Mr. Wright to overrule and dismiss the plea in Abatement and motion to Quash Service of Process filed by the law firm of Rixey and Rixey on behalf of the defendant. The motions were based upon the contention of counsel for the defendant that the case should not proceed in this court due to the fact that it does not fall within § 8-81.2 of the Code of Virginia (1950), as amended, commonly known as the "Long Arm Statutes."

Testimony at the hearing was to the effect that initial contact between the parties was made in Elizabeth City, North Carolina; that the defendant had thereafter made two visits to the plaintiff's office in the City of Virginia Beach, Virginia; that payments were mailed to the plaintiff's office in Virginia Beach; that an agreement for architectural services to be furnished by the plaintiff to the defendant was made in the plaintiff's office in Virginia Beach; that approval was given by the defendant to the plaintiff to proceed with the work while the plaintiff and the defendant were both in the plaintiff's office in Virginia Beach; and that the oral agreement

reached between the parties was made in the plaintiff's office in Virginia Beach.

Mr. Wright, counsel for the plaintiff, cited, among other authorities, the case of *Carmichael v. Snyder*, 209 Va. 451 (1968). In discussing the "Long Arm Statutes," the Supreme Court of Appeals of Virginia stated as follows:

> In the cases discussing "Long Arm Statutes", great stress has been given to the enjoyment that a nonresident has of the benefits and protections of a state in which he does business, and to the fact that the exercise of such privilege may give rise to obligations. Protection of life and property within its boundaries is a primary concern of state government, and each state has a vital interest in providing a forum for actions that arise both from torts committed, and out of contracts entered into, within its borders. The interest of the state has necessarily expanded as its citizens have become more mobile and markets have become nationwide in scope--hence the evolution of the law and the enactment of those statutes.
>
> Admittedly, Chapter 4.1, Title 8 of the Code is a deliberate and conscious effort on the part of the General Assembly of Virginia to assert jurisdiction over nonresident defendants to the extent permissible by the Due Process Clause. It is designed to provide redress in Virginia courts against persons who inflict injuries upon, or incur obligations to, those entitled to legitimate protection. However, in making such provision, the statutes must be fair and reasonable, give to the defendant proper notice of the claim against him, and provide him an adequate and realistic opportunity to appear and be heard in his defense.

In the case at bar, there is no doubt that the defendant had proper notice of the claim and that he was provided with an adequate and realistic opportunity to appear and be heard. As a matter of fact, he had time to and

did retain an extremely able attorney to represent him in his defense.

Mr. Rixey, on behalf of the defendant argued, and very well, that there is a relatively short distance from Virginia Beach to Elizabeth City and that the plaintiff would not be inconvenienced if he proceeded in an Elizabeth City court rather than in Virginia Beach. It occurs to the court that it is the same distance from Elizabeth City to Virginia Beach as vice versa and that the defendant would, therefore, be not inconvenienced to attend court in Virginia Beach.

In conclusion, it appears to the court that there was enough business transacted between the parties in the City of Virginia Beach to comply with § 8-81.2 of the 1950 Code of Virginia, as amended, and that the defendant has been treated fairly and reasonably within the guidelines laid down in the *Carmichael* case (*supra*).

Mr. Wright should prepare an order overruling Mr. Rixey's plea in abatement and motion to quash service of process, and, upon presentation of the order properly endorsed, it will be entered.