# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Boykin

v.

Carvalho et al.

August 16, 1988

Case No. (Chancery) CH88-2178

By JUDGE AUSTIN E. OWEN

[The plaintiff was] before this Court on August 9, 1988, to be heard on plaintiffs' Motion for an Order and Judgment seeking judgment by default in the sum of $300.00, plus attorneys' fees and costs, and mandating release of a deed of trust lien.

After filing plaintiffs' Exhibits # P-1 and P-2 together with the Exhibit "A" intended to have been filed with the original pleading herein, the Court heard argument of counsel and took the matter under advisement. Counsel has, since the hearing date, referred the Court to the decisions in *Carmichael v. Snyder*, 209 Va. 451 (1968), and *Walt Robbins, Inc. v. Damon Corporation*, 232 Va. 43 (1986).

Both of the cited cases relate to the issue of the jurisdiction of this Court under the Virginia "long-arm" statute, Sections 8.01-328 et seq. of the Code of Virginia of 1950, as amended.

Plaintiffs contend that this Court may properly exercise personal jurisdiction over the defendants, Carvalho, by virtue of the provisions of Code Section 8.01-328.1(A)(6). It is contended that this is a cause of action arising from the Carvalhos "having an interest in . . . real property in this Commonwealth."

In *Walt Robbins, Inc., supra*, the Court quotes from an earlier decision holding that, "It is fundamental, of course, that no person may be deprived of his property without due process of law. 'One of the essentials of due process is notice. This is especially true in proceedings of a judicial nature *affecting the property rights of citizens*.'" (Emphasis added by the writer). On the same page, the Court goes on to hold that "the beneficiary of an antecedent deed of trust has a *property right* which entitles him to notice . . . ." (Emphasis added by the writer). 232 Va. 43, 47. This case involved an action seeking to perfect a mechanic's lien.

In *Carmichael, supra*, the Court held that an equitable estate or interest in real estate constituted such an interest in real property as to justify personal jurisdiction under the Virginia "long-arm" statute.

Considering the reasoning employed in reaching the cited decisions, the Court is of the opinion that the holders of a promissory note, the payment of which is secured by the lien of a deed of trust on real property in this Commonwealth, have such an *interest* in that real property as will authorize this Court to exercise personal jurisdiction over such holders when, as here, they have been properly served with process.

The Court also finds that the defendants, Carvalho, have failed to answer or otherwise appear within the time prescribed by statute and Rule of Court after proper service upon them and are in default.

Plaintiffs seek relief under provisions of Sections 55-66.3 and 55-66.5 of the Code of Virginia of 1950, as amended. By virtue of their default, the defendants, Carvalho, are liable to plaintiffs for (a) a forfeiture of $300 plus costs and reasonable attorney's fees incurred in collecting the forfeiture (Section 55-66.3) and (b) costs and reasonable attorney's fees arising from the failure, without justification or good cause to release the lien of the deed of trust.

Before judgment can be entered, plaintiffs must schedule a hearing to provide the Court with evidence of the reasonable attorney's fees and costs incurred herein.

Plaintiffs also seek to have the court direct the Clerk to record a Certificate of Satisfaction of the deed of trust. Such relief is dependent on twenty days' prior

notice to "the person entitled to such encumbrance" and proof that "the encumbrance has been paid" to such person. The default of the Carvalhos is sufficient to estop them from denying that they were entitled to such encumbrance and that they received payment of such encumbrance, but is *not* sufficient to prove that they were entitled to such encumbrance or that payment was made to the person entitled. Proof related to these issues may be presented at the same hearing mentioned above.