## CIRCUIT COURT OF THE CITY OF WINCHESTER

William J. Mason et al.

v.

Shirk & Shirk et al.

October 21, 1993

Case No. (Law) 91–158

By Judge John E. Wetsel, Jr.

This case comes before the Court on the motion to quash service of process and dismiss this action of Barbara Fryberger. I have read the memoranda of authority filed, and I have decided to grant the motion to quash and dismiss the action against Barbara Fryberger for the reasons herein stated.

### I. *Findings of Fact*

The following facts are established by the greater weight of the evidence.

Barbara Fryberger, formerly Barbara Shirk, is a resident of Pennsylvania. She was formerly married to Vincent M. Shirk, another defendant in this action. During their marriage, Vincent Shirk was a partner in the Virginia partnership of Shirk & Shirk, which is also a defendant to this action. Barbara Fryberger was not a partner, nor did she participate in the partnership or have any formal interest in the partnership of Shirk & Shirk.

Barbara Fryberger and Vincent Shirk were divorced by order of the Court of Common Pleas of Chester County, Pennsylvania, on August 10, 1988.

On October 15, 1985, the plaintiffs herein conveyed to Shirk & Shirk, the Virginia partnership, real estate which is the subject of this action. Incident to this transaction, the plaintiffs accepted a bond dated October 15, 1985, in the amount of $186,000.00. The bond was se-

cured by a Deed of Trust on property in the City of Winchester, and Barbara Shirk now Barbara Fryberger, signed this bond, on which the plaintiffs are now suing her.

Barbara Fryberger signed the bond in Pennsylvania. She did not travel to Virginia in relationship to this contract, nor did she have any correspondence or telephone communication with any party in Virginia concerning the October 15, 1985, bond. Mrs. Fryberger has never resided in Virginia, and she has no property in Virginia.

## II. *Conclusions of Law*

The plaintiffs have the burden of proving jurisdictional facts under the long-arm statute. *Haynes v. Carr*, 427 F.2d 700, 704 (4th Cir. 1970) (applying Virginia law). In *Humphreys v. Pierce*, 512 F. Supp. 1321, 1323 (W.D. Va. 1981), the United States District Court for the Western District of Virginia considered the application of Virginia's Long-Arm statute and stated that:

> When jurisdiction is sought pursuant to the Virginia long-arm statute, a two-step inquiry is required: first, it must be determined whether the statutory language permits service of process on the non-resident defendant; and second, it must be determined whether the exercise of personal jurisdiction under the statute is consonant with the due process clause of the United States Constitution [cites omitted]. These two steps are interrelated, however, as the Virginia Long-Arm statute is a "deliberate and conscious effort on the part of the General Assembly of Virginia to assert jurisdiction over nonresident defendants to the extent permissible by the due process clause." *Carmichael v. Snyder*, 209 Va. 451, 456, 164 S.E.2d 703, 707 (1968).

In *Raymond, Colesar, Glaspy & Huss v. Allied Capital*, 761 F. Supp. 423, 425–426 (E.D. Va. 1991), the United States District Court for the Eastern District of Virginia concluded that the analysis of the application of the long-arm statute is complicated because the resolution turns on the specific factual situation in question. However, the Court noted that several general principles governing the determination of the proper application of the long-arm statute are well settled:

> First, the "manifest purpose" of Virginia Code § 8.01–328.1(A)(1) is "to assert jurisdiction over non-

residents who engage in some purposeful activity in [Virginia] to the extent permissible under the due process clause." *Kolbe*, 211 Va. at 740 . . . .

Second, the acts conferring jurisdiction under the statute must coincide with the acts giving rise to the substantive claim . . . .

Third, no *single* factor is dispositive. The determination whether the statute permits jurisdiction involves examination of both the quantity and quality of the contacts. This involves questions such as who benefitted from the contacts, who initiated them and why, whether the contacts involved any person's physical presence in the state, and what further conduct in the forum state was contemplated by the parties . . . .

A defendant need not ever physically enter Virginia in connection with the disputed transaction . . . .

[I]n actions arising out of a contract dispute, the place of contract formation and performance is relevant but not dispositive.

The leading case in Virginia on the exercise of the Long-Arm jurisdiction is *Kolbe, Inc. v. Chromodern, Inc.*, 211 Va. 736, 740, 180 S.E.2d 664 (1971), which is relied upon by the plaintiff in this case. In *Kolbe*, the agent of a nonresident corporation sold furniture while in Virginia, and the company directly profited from the sale. The *Kolbe* court noted that the Virginia Long-Arm statute is "a single act statute requiring only one transaction in Virginia to confer jurisdiction on its courts." *Id.* at 740. The *Chromodern* court went on to rule that, "since *Chromodern* has purposefully availed itself of the privilege of conducting business activities within Virginia and thereby invoked the benefits and protection of the laws of this state, it would not offend traditional notions of fair play and substantial justice to require it to submit to the jurisdiction of the courts of this state." *Id.* at 741. *Kolbe* is distinguishable from the present case in that Barbara Fryberger conducted no activities in Virginia and did not purposely avail herself of the privilege of conducting business within Virginia.

While Virginia's Long-Arm statute is a single act statute, it is clear that the character of the single act is determinative as to whether jurisdiction may be invoked over the nonresident defendant under the long-arm statute. As the court noted in *Processing Research v. Larson*, 686 F. Supp. 119, 121–122 (E.D. Va. 1988):

> A settled principle to be sure is that a single act may constitute transaction of business under Virginia's long-arm statute, provided the action arose from one transaction [cites omitted]. But this principle simply serves to underscore that it is the nature and quality of acts and not their number that determine whether the transaction of business has occurred. It does not mean that *any* single act suffices.

Barbara Fryberger did not have sufficient contacts with the state of Virginia to satisfy the due process standard for the invocation of long-arm jurisdiction under the facts of this case. The only contact which the plaintiffs rely upon is Mrs. Fryberger's signature on a bond in Pennsylvania which called for payment in Virginia. Insofar as the parties are concerned, the contract between the plaintiff and Fryberger was formed in Pennsylvania when she signed the contract. The case of *Burger King v. Rudzewicz*, 471 U.S. 462, 85 L. Ed. 2d 528, 544–545 (1985), is also instructive:

> If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot . . . .
>
> We have emphasized the need for a "highly realistic approach" that recognizes that a "contract" is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real objects of the business transactions" [cites omitted]. It is these factors--prior negotiations and contemplated future consequences along with the terms of the contract and the parties' actual course of dealing--that must be evaluated in determining whether the defendant purposely established minimum contacts with the forum.

Mrs. Fryberger took no action on her own to establish any substantial contact with this state. There is no evidence that she was involved with the negotiations leading up to the purchase of the land or the execution of the bond or that she had any interest with the business of Shirk & Shirk in Virginia.

## III. *Decision*

For the foregoing reasons, the motion to quash service of process is granted, and the motion for judgment is dismissed, without prejudice, as to Barbara Fryberger.