## CIRCUIT COURT OF FAIRFAX COUNTY

Sultanhan Hali Ticaret
Ve Sanayii, Ltd., Sti.

v.

Pazyryk, Inc., et al.

March 23, 1998

Case No. (Law) 166991

BY JUDGE M. LANGHORNE KEITH

This matter came on for a hearing on March 13, 1998. The Court heard argument concerning the applicability of Virginia's long-arm statute to the case at bar. Va. Code § 8.01-328.1 *et seq*. I have now had an opportunity to review the pleadings and exhibits, consider the testimony of the witness and the argument of counsel, and make the following findings.

The Plaintiff, Sultanhan Hali Ticaret Ve Sanayii Ltd., Sti. ("Hali"), filed its Motion for Judgment against the Defendants, Pazyryk, Inc., et al. ("Pazyryk"), seeking damages for breach of contract for the sale of merchandise. The Motion for Judgment was served on the Secretary of the Commonwealth pursuant to the provisions of Code § 8.01-329 which authorizes such service on a foreign corporation or nonresident. In support of such service, Hali filed an Affidavit for Service of Process on the Secretary of the Commonwealth which stated that Pazyryk "is a nonresident of the Commonwealth of Virginia or a foreign corporation and § 8.01-328.1(A) applies."

Pazyryk filed a Plea in Bar for Lack of *In Personam* Jurisdiction and moved to dismiss the Motion for Judgment. Pazyryk contends that Hali's cause of action does not arise from business transacted by the Defendants in Virginia. Therefore, they claim to have insufficient contacts with the Commonwealth to permit *in personam* jurisdiction under the long-arm statute.

At the hearing, Hali argued that the Court had general jurisdiction over Pazyryk due to the Defendants' general business transactions in Virginia. Hali

presented testimony that Pazyryk transacts other business, besides the transaction in question, in Virginia. However, Hali's sworn affidavit clearly bases jurisdiction upon Code § 8.01-328.1(A), and therefore, the Court shall confine its analysis to whether the Court may exercise personal jurisdiction over Pazyryk pursuant to Virginia's long-arm statute.

Analysis of Virginia's long-arm statute involves two steps. First, the court must determine whether the statutory language permits service of process on the defendant. If it does, the court must then determine whether the exercise of personal jurisdiction over the defendant would offend the due process clause of the United States Constitution. *Peanut Corp. of Am. v. Hollywood Brands*, 696 F.2d 311, 313 (4th Cir. 1982). The Supreme Court of Virginia has construed the long-arm statute to extend *in personam* jurisdiction to the outermost perimeters of due process. See, *Kolbe, Inc. v. Chromodern Chair Co., Inc.*, 211 Va. 736, 740 (1971); *Carmichael v. Snyder*, 209 Va. 451, 456 (1968).

The Virginia long-arm statute provides in pertinent part that "[a] court may exercise personal jurisdiction over a person ... as to a cause of action arising from the person's [t]ransacting any business in this Commonwealth." Va. Code § 8.01-328.1(A)(1). Paragraph 1 of the statute extends the court's personal jurisdiction to encompass all nonresidents who transact any business within Virginia. *Peanut Corp.*, at 313. A single act of transacting business will suffice. *Id*; *Kolbe* at 740. However, when jurisdiction is based solely on the long-arm statute, the only cause of action which may be asserted is that which arises from the nonresident's transaction of business in the State. *Peanut Corp.*, at 314; *City of Va. Beach v. Roanoke River Basin*, 776 F.2d 484, 487 (4th Cir. 1985).

The importance of the phrase "cause of action arising from" is emphasized in subsection B of the statute. Subsection B states that "[w]hen jurisdiction over a person is based solely upon this section, *only* a cause of action arising from the acts enumerated in this section may be asserted against him." Va. Code Ann. § 8.01-328.1(B). (Emphasis added.) Thus, the statute confers jurisdiction only if the cause of action asserted arises from the nonresident's transaction of business in the state.

Hali's Motion for Judgment does not contain any allegation that Hali's cause of action arose from Pazyryk's acts in Virginia. The exhibits which accompany the pleading do not indicate any activity by Pazyryk in the Commonwealth which supports Hali's jurisdictional claim. Furthermore, at the hearing on this matter, it was conceded by Hali's witness that the specific business which is the subject matter of this action was not transacted in

Virginia. Hali has not asserted a cause of action arising from any acts of Pazyryk in Virginia, and therefore, Pazyryk's plea is sustained.