# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Eldridge

v.

Michael Sloper et al.

December 27, 2007

Case No. CL07001428

BY JUDGE JOHN E. KLOCH

This case presents an unusual set of facts, and some background is needed to clarify the relationship between the parties. All named litigants, the plaintiff and eleven defendants, have some interest in the estate of Lois Moffett. More specifically, they have an interest in the validity of Ms. Moffett's testamentary documents. Defendant Michael Sloper is the executor of the Moffett estate, according to the document probated as the decedent's will in March of 2006. That document, challenged as being a product of Michael Sloper's undue influence, is the subject of this impeachment action filed by the plaintiff pursuant to Virginia Code § 8.01-88.

When the plaintiff filed the action, she served all of the named defendants. Thereafter, defendant Michael Sloper propounded discovery on the plaintiff and on defendants Walter, Dane, James, Gower, and Skillman ("the movants"), who then filed the pending motion by special appearance for a protective order. Although their motion is principally couched as an objection to the discovery propounded on them (the movants argue they are not *parties* to this action under the discovery rules), the clear intent of the movants is to assert a challenge to this Court's jurisdiction over them by special appearance. For the following reasons, that challenge is ultimately unsuccessful.

The purpose of Virginia's "long arm statute," Virginia Code § 8.01-328.1, is to assert jurisdiction to the extent permissible under the Due Process Clause of the Constitution of the United States, over nonresidents who engage

in some minimum but purposeful activity (minimum contacts) in Virginia. *Carmichael v. Snyder*, 209 Va. 451, 456, 164 S.E.2d 703 (1968). Although the movants are nominal defendants to this action – specific bequeaths to them will be wiped out by a successful will contest – they support the efforts of the plaintiff to invalidate the will. That is because, through Virginia counsel, they have reached an agreement with the plaintiff whereby they will evenly split the costs of this litigation and any resulting recovery from the Virginia estate. Given those facts, and assuming but not deciding that the movants in fact made a special rather than a general appearance. I find that this Court can nonetheless exercise jurisdiction over them because their purposeful actions directed toward the Commonwealth and carried out through their agent in Virginia are sufficient to confer jurisdiction over them.

The motion for a protective order is denied, and the defendants, as parties to this action, are hereby ordered to fully and completely respond to discovery within ten days of this order.